**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| DONALD LEON GLADDEN, Jr., | : | |
| | : | **Civ. No. 18-8764 (RMB)** |
| Petitioner | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| WARDEN S. YOUNG, *et al.*, | : | |
| | : | |
| Respondents | : | |

**BUMB,** United States District Judge

I.   BACKGROUND

Petitioner Donald Leon Gladden, Jr. was incarcerated in the Federal Correctional Institution in Fairton, New Jersey, when he submitted his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his career offender designation pursuant to Mathis v. United States, 136 S. Ct. 2243 (2016). (Pet., ECF No. 1.) Petitioner did not pay the $5.00 filing fee nor did he submit an application to proceed *in forma pauperis* ("IFP"). A habeas petition "must be filed with the Clerk and must be accompanied by: (1) the applicable filing fee, or (2) a motion for leave to proceed in forma paupers …" Rule 3(a), Rules Governing Section 2254 Cases filed in the United States District Courts (applicable to § 2241 action under Rule 1, scope of the Rules).

According to Local Civil Rule 5.1(f), "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked "received" and the date and time of receipt shall be noted thereon." Therefore, this Court administratively terminated this action, subject to reopening, without filing the petition. (Order, ECF No. 2.) Petitioner paid the filing fee to reopen this action after he was transferred to the Federal Correctional Institution in Ray Brook, New York, which is within the jurisdiction of the United States District Court, Northern District of New York. (Mail Returned, ECF No. 3.)

II. DISCUSSION

A § 2241 habeas petition must be filed in the district in which the prisoner is incarcerated at the time he files the petition. U.S. v. Moruzin, 483 F. App'x 736, 738 (3d Cir. 2012). Because Petitioner did not pay the filing fee or submit an IFP application under 28 U.S.C. § 1915, pursuant to Local Rule 5.1(f), his petition was marked "received" but not filed. By the time Petitioner paid the filing fee and sought to reopen this matter, he had been transferred to a prison within the Northern District of New York.

28 U.S.C. § 1631 provides, in relevant part "[w]henever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest

2

of justice, transfer such action … to any other such court in which the action or appeal could have been brought at the time it was filed …" 28 U.S.C. § 1631.  Therefore, the Court will transfer the petition to the U.S. District Court for the Northern District of New York.

III. CONCLUSION

    For the reasons discussed above, the Court will transfer this action to the U.S. District Court for the Northern District of New York.

An appropriate Order follows.

Date: October 1, 2018

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**